SOUTHERN TITLE & TRUST CO. v. BINGHAM & MALEY CO.

160 So. 480.
Division B.
Opinion Filed April 4, 1935.

*Ray Selden,* for Plaintiff in Error;
*John S. Byington,* for Defendant in Error.

### ORDER.

PER CURIAM.—Rule 20, amended November 5, 1930, and effective January 1, 1931, requires the brief of the plaintiff in error to concisely state in general terms the prime or controlling questions involved so that each question will be so phrased that the point of law intended for solution may appear. That requirement is made so that the Supreme Court may be able to obtain an immediate view of the nature of the controversy.

The rule provides that when no brief has been filed by the plaintiff in error in accordance with this rule the cause may be dismissed by the court in its own motion, or the judgment may be affirmed, unless for good cause shown the court sees fit to permit additional time for the amendment of the briefs filed or the filing of new briefs in compliance with the requirements of the rule.

The brief for plaintiff in error in this case purports to set up nine questions which it is said are involved in the con-

troversy. Not one of the questions stated is so phrased that this Court may have an immediate view of the nature of the controversy or the point of law intended for solution.

Where a question is so framed that it is impossible to ascertain from it the point of law involved, before examining the record to discover it, the assistance which an observance of the rule will afford to the court and which the rule was intended to secure is not obtained. It is just an unnecessary bit of labor involving useless expense to the parties and of no value whatsoever to the court to frame a question which presents no point of law and which requires the court to search the record to find it, if indeed it may be found in the record.

It is true that the rule requires a plaintiff in error, or his counsel, to carefully study the transcript of the record which he causes to be sent to this Court, separate the material from the immaterial matter, and reduce the controversy to the points of law which the pleadings and the evidence present, and state which of those points of law are deemed to be of sufficient importance to constitute a pivotal question. While that process requires some labor, the rule was adopted in the belief that the bar would lend its excellent assistance to the facilities for an expeditious and accurate determination of the cause which the rule was intended to supply.

We will not affirm the judgment for the failure of counsel for plaintiff in error to prepare his brief in accordance with the rule, but we will allow fifteen days from this date to prepare a brief in accordance with the rule, in default of which the cause will stand dismissed. In case a new brief is prepared, a copy shall be served on opposite counsel who shall have ten days thereafter in which to reply.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.